IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAM KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: **1:24-cv-03897-ALC** |
| | ) |
| HENRY T. BERGER, in his official capacity as Co-Chair of the New York State Board of Elections; PETER S. KOSINSKI, in his official capacity as Co-Chair of the New York State Board of Elections; ESSMA BAGNUOLA, in her official capacity as a Commissioner of the New York State Board of Elections; ANTHONY J. CASSALE, in his official capacity as a Commissioner of the New York State Board of Elections; KRISTEN ZEBROWSKI STAVISKY, in her official capacity as Co-Executive Director of the New York State Board of Elections; RAYMOND J. RILEY, III, in his official Capacity as Co-Executive Director of the New York State Board of Elections; and LETITIA JAMES, in her official capacity as the Attorney General of the state of New York, | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO INTERVENE AS PLAINTIFFS**

# INTRODUCTION

In this lawsuit Plaintiff Team Kennedy, the principal campaign committee of Independent presidential candidate Robert F. Kennedy Jr., challenges the constitutionality of several provisions of the New York Election Code that apply to unqualified parties seeking access to New York's general election ballot. These provisions directly regulate the conduct of Proposed Intervenors,[1] who are minor parties organized in New York as well as candidates who seek to affiliate with them and voters who wish to support them. Proposed Intervenors therefore have a strong and direct interest in the outcome of Plaintiff's constitutional challenge to such provisions.

Plaintiff specifically challenges the following provisions of the New York Election Code: (1) Section 6-140(1)(b), which prohibits a petition circulator or witness from signing the "Statement of a Witness" if they sign a nominating petition as a voter for another candidate for the same office; (2) Section 6-130, which prohibits petition signers from recording their village instead of their city or town; (3) the requirement that Independent presidential candidates name their slate of presidential electors on their nominating petition, when partisan candidates are not required to name their slate of presidential electors until after their respective national nominating conventions; (4) Section 6-142, which requires Independent presidential candidates to collect a minimum of 45,000 valid signatures on nominating petitions within just six weeks, as applied in combination with Section 6-154, which requires such candidates to bear the cost of the verification of nominating petition signatures based on a private petition challenge process; and (5) Section

---

[1] Proposed Intervenors are: Green Party of New York ("GPNY"), Dr. Jill Stein, Gloria Mattera, Howie Hawkins, Crystal Sharadin and Margaret Walton (the "Greens"), and Andrew Kolstee, Mark Braiman and Richard Purtell (the "Libertarians").

17-122(4), which prohibits payment of petition circulators and witnesses on a per signature basis (collectively, the "Challenged Provisions"). (Complaint (ECF No. 10) ("Compl"), at 3-5.)

## ARGUMENT

I. **Proposed Intervenors Are Entitled to Intervene as a Matter of Right Under Rule 24(a)(2).**

Proposed Intervenors are entitled to intervene in this action as a matter of right. First, their motion is timely – the Complaint has yet to be served and no party will be prejudiced by such intervention. Second, Proposed Intervenors have a strong interest in the proper adjudication of the constitutionality of the statutory scheme that excluded them from New York's 2024 general election ballot and in obtaining timely relief therefrom. Third, the denial of their motion would impair or impede Proposed Intervenors' ability to protect those interests. Finally, Proposed Intervenors' interests are not adequately represented by Plaintiff, because Plaintiff qualified for New York's 2024 general election ballot and is not similarly situated, and because Proposed Intervenors seek to assert claims that Plaintiff does not raise.

The Second Circuit has long recognized that "intervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *Floyd v. City of New York*, 770 F. 3d 1051, 1057 (2nd Cir. 2014) (citation omitted). In this case, however, there is no tension between these policies. The issues that Proposed Intervenors seek to raise are closely related to those Plaintiff has raised, but their claims are distinct. Additionally, Plaintiff has not yet served the Complaint. Consequently, all issues that Proposed Intervenors raise may be resolved efficiently in this lawsuit without prolonging or making it unnecessarily complex. *See id.*

**A. The Motion to Intervene Is Timely.**

Proposed Intervenors' motion is timely because it is filed at the earliest stage of this litigation – the Complaint has not yet been served and no responsive pleadings or substantive motions have been filed. Therefore, no prejudice will accrue to Plaintiff or Defendants if Proposed Intervenors are permitted to join at this stage. Indeed, Plaintiff expressly consents to Proposed Intervenors' intervention. Additionally, the Court need not extend any pre-existing deadlines or reschedule any proceedings to accommodate Proposed Intervenors. All circumstances of this case thus demonstrate that Proposed Intervenors' motion is timely. *See U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2nd Cir. 1994) (timeliness of motion to intervene "is determined within the sound discretion of the trial court from all the circumstances.") (citation omitted); *see also United States v. State of NY*, 820 F.2d 554, 557 (2nd Cir. 1987) (citing case finding "one month delay not untimely," but cases involving delays of several months or more untimely).

Proposed Intervenors recognize the time-sensitive nature of this election law case and are prepared to comply with any schedule the Court may set.

**B. Proposed Intervenors Have Significant Protectable Interests in This Action.**

To intervene as of right, a movant must have a "significantly protectable" interest in the outcome of the lawsuit. *Restor-A-Dent Dental Lab. v. Certified Alloy Prod.*, 725 F.2d 871, 874 (2nd Cir. 1984) (citation omitted). This requirement is not as stringent as that for establishing standing; indeed, a proposed intervenor need not have standing at all because the Article III case or controversy requirement is satisfied by the original parties to the case. *See Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 64-65 (2nd Cir. 2016) (citations omitted). A proposed intervenor's interest nonetheless "must be direct, as opposed to remote or contingent." *Restor-A-Dent Dental Lab.*, 725 F.2d at 874 (citations omitted); *see also Ruiz v. Estelle*, 161 F.3d 814, 832 (5th Cir. 1998)

(explaining the relationship between standing and Rule 24(a) intervention and holding that intervenors need not meet the heightened standard for standing).

Here, Proposed Intervenors have significant protectable interests in the outcome of this litigation. Plaintiff asserts claims for relief from several provisions of the New York Election Code, each of which imposes a requirement or restriction on unqualified candidates or parties seeking access to New York's general election ballot. (Compl. at 3-5.) These provisions directly regulate Proposed Intervenors' conduct, which is generally sufficient to establish their standing to challenge the provisions. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 362 (3rd Cir. 2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992)) (If "'the plaintiff is himself an object of the [governmental] action (or foregone action) at issue .... there is ordinarily little question that the action or inaction has caused him injury and that a judgment preventing or requiring the action will redress it.'"). Because Proposed Intervenors would have standing to bring a separate action against the Challenged Provisions, they also satisfy the less stringent "protectable interest" requirement for intervention in this action. *See Laroe Estates, Inc.*, 828 F.3d at 64-65.

As the Supreme Court has recognized, ballot access laws like the Challenged Provisions "place burdens on two different, although overlapping, kinds of rights—the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively." *Williams v. Rhodes*, 393 U.S. 23, 30 (1968). "Both of these rights … rank among our most precious freedoms." *Id.* The Supreme Court has also recognized "the constitutional right of citizens to create and develop new parties," which "advances the constitutional interest of like-minded voters to gather in pursuit of common political ends, thus enlarging the opportunities of all voters to express their own political preferences." *Norman v. Reed*, 502 U.S. 279, 288 (1992) (citations omitted). And the Supreme

4

Court has recognized that "[t]he right to form a party for the advancement of political goals means little if a party can be kept off the election ballot and thus denied an equal opportunity to win votes," while "the right to vote is heavily burdened if that vote may be cast only for one of two parties at a time when other parties are clamoring for a place on the ballot." *Williams*, 393 U.S. at 31.

Both the Greens and Libertarians were excluded from New York's 2024 general election ballot as a direct result of their inability to comply with the Challenged Provisions – in particular, the 45,000-signature requirement imposed by Section 6-142. Proposed Intervenors' fundamental First Amendment rights to associate for political purposes, to cast their votes effectively, and to create and develop their political parties therefore have been injured. *See Williams*, 393 U.S. at 30-31; *Norman*, 502 U.S. at 288. They have a strong and direct interest in intervening in this action to vindicate those rights.

### C. Denying Intervention Will Impair Proposed Intervenors' Ability to Protect Their Interests.

Proposed Intervenors also satisfy the test for intervention as of right because the disposition of Plaintiff's lawsuit may, "as a practical matter," impair or impede Proposed Intervenors' ability to protect their interests. Fed. R. Civ. P. 24(a)(2).

GPNY sought ballot access in New York for the 2024 presidential election. Its petition drive fell just short of New York's newly-increased signature requirement, even though the Greens spent approximately $368,000 or more on the effort. The constitutionality of that newly-increased signature requirement is at issue in this action, and the Greens seek to rely on Plaintiff's evidence demonstrating the heavy burden it imposes to support their own claims. Such evidence may not be available to Proposed Intervenors if they file a separate action. Moreover, this election law

matter is time sensitive, and intervention in this pending action is more expeditious and efficient than initiating a new action to assert claims that are closely related to Plaintiff's. The Green's interest in obtaining relief from the Challenged Provisions therefore will be impaired if they are not permitted to intervene here.

Additionally, LPNY is the New York state affiliate of the third largest political party in the United States, and GPNY is the New York state affiliate of the fourth largest political party in the United States. Both parties have been politically active in New York for decades, both parties attained ballot-qualified status before New York drastically increased its requirements for obtaining and retaining ballot-qualification, and both parties lost that status in 2020 – the first election cycle in which the newly-increased requirements took effect. These parties, their voters and candidates – Proposed Intervenors – therefore have an inherent interest in the proper adjudication of Plaintiffs' claims, which will be impaired if they are not permitted to present their arguments and evidence in this action. *See U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 193 (2nd Cir. 1978) (Oakes, J., dissenting) ("One basis for finding impairment is the *stare decisis* effect flowing from an adverse decision….") (citation omitted).

**D. Proposed Intervenors' Interests Are Not Adequately Represented by Plaintiff.**

Proposed Intervenors' interests are not adequately represented by Plaintiff in this action. Demonstrating Plaintiff's inadequacy to represent Proposed Intervenors' interests "present[s] [the] proposed intervenors with only a minimal challenge." *Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191, 2203 (2022); *see also Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2nd Cir. 2001) ("[T]he burden to demonstrate the inadequacy of representation is generally speaking minimal….") (citation and quotation marks omitted). To meet this requirement, Proposed Intervenors need only show that "representation of [their] interest *may* be inadequate, *Trbovich v.*

6

*United Mine Workers,* 404 U.S. 528, 538 n. 10 (1972)), because, for example, the existing parties "may not advance all of the appropriate legal arguments" in support of Proposed Intervenors' claims. *U.S. Postal Serv.*, 579 F.2d at 191. It is not enough that the proposed intervenors may have "related" interests with an existing party. *Berger*, 142 S. Ct. at 2204. And a court need only find "sufficient doubt about the adequacy of representation to warrant intervention." *Trbovich*, 404 U.S. at 538.

Here, Proposed Intervenors do not have an "identity of interests" with Plaintiff and there can be no presumption that Plaintiff will adequately represent their interests. *Butler, Fitzgerald & Potter*, 250 F.3d at 179. On the contrary, Proposed Intervenors and Plaintiff are not even similarly situated: whereas Proposed Intervenors were unable to comply with New York's newly-increased requirements in 2024, Plaintiff did so. Consequently, the claims and arguments that Proposed Intervenors seek to assert are distinct, although related, to those that Plaintiff asserts.

For example, Plaintiff challenges the constitutionality of the 45,000-signature requirement imposed by Section 6-142, but only as applied in combination with Section 6-154, which authorizes private parties to challenge nomination petitions and requires the candidate or party who submitted them to bear the expense of defending them. (Compl. ¶¶ 92-98.) Proposed Intervenors, by contrast, assert a direct challenge to the constitutionality of Section 6-142 on the ground that the severe burdens it imposes are not justified by any compelling or legitimate state interest. (Plaintiff-Intervenors' Complaint in Intervention and for Declaratory and Injunctive Relief ("Pl.-Int. Compl.") ¶¶ 54-64.) In particular, Proposed Intervenors assert that Section 6-142 is severely burdensome because the exorbitant cost of conducting a successful petition drive is prohibitive for non-wealthy candidates and parties. (Pl.-Int. Compl. ¶¶ 30-40, 43-52.) While

Plaintiff alleges facts to support that claim, (*e.g.*, Compl. ¶ 96), Plaintiff does not assert the same claim and will not represent Proposed Intervenors' interest in litigating it.

Additionally, while Plaintiff, like Proposed Intervenors, alleges that New York's short petitioning period compounds the burden and expense of complying with Section 6-142, (*e.g.*, Compl. ¶ 93), Plaintiff does not assert a direct challenge to New York's categorical prohibition on petitioning before the statutory start date, which in 2024 was April 16, 2024. (Compl. ¶ 35.) Proposed Intervenors, by contrast, do. (Pl.-Int. Compl. ¶¶ 5, 32-33.) Proposed Intervenors assert that such categorical prohibition is unconstitutional because petition circulation is "core political speech" that involves "interactive communication concerning political change," and "First Amendment protection for such interaction … is at its zenith." *Buckley v. American Const. Law Found., Inc.*, 525 U.S. 182, 186-87 (1999) (quoting *Meyer v. Grant*, 486 U.S. 414, 422, 425 (1988)). Because Plaintiff asserts no such claim, Plaintiff does not adequately represent Proposed Intervenors' interests in this matter.

The Second Circuit has repeatedly concluded that, "where a proposed intervenor's interests are otherwise unrepresented in an action, the standard for intervention is no more burdensome than the standing requirement…." *Brennan v. NYC Bd. of Educ.*, 260 F.3d 123, 131 (2001) (citing *U.S. Postal Service. v. Brennan*, 579 F.2d 188, 190 (2d Cir. 1978)). Here, Proposed Intervenors have standing to bring their own claims against the Challenged Provisions, and their interests in this matter are not adequately represented. They are entitled to intervene as of right under Rule 24(a)(2).

## II. Proposed Intervenors Are Also Entitled to Permissive Intervention.

Even if Proposed Intervenors were not entitled to intervene as of right, permissive intervention would be warranted under Rule 24(b). "On timely motion, the court may permit

anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "The principal consideration set forth in the Rule is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv.*, 579 F.2d at 191 (quotation marks omitted). Courts also consider whether proposed intervenors "will benefit from intervention," and whether they "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented. *Id.* at 191-92 (citations omitted).

For the reasons set forth above, the motion is timely, intervention will not unduly delay or prejudice the adjudication of the rights of the original parties, and Proposed Intervenors are not adequately represented by the existing Plaintiffs. Proposed Intervenors will undoubtedly raise common questions of law and fact in defending this lawsuit – like Plaintiff, they assert that the Challenged Provisions impose severe burdens on their First and Fourteenth Amendment rights, not least of which is the prohibitive cost of compliance. Proposed Intervenors therefore should be permitted to intervene in this action. *See Thomas v. Andino*, 335 F.R.D. 364, 369 (D.S.C. 2020) ("Permissive intervention [under Rule 24(b)] is left to the broad discretion of the Court and should be construed liberally in favor of intervention.").

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that the Court grant their Motion to Intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permit them to intervene under Rule 24(b).

Dated: August 2, 2024                                        Respectfully submitted,

/s/ Melissa Cowan
Melissa L. Cowan
MORE VOTER CHOICE FUND
8 Mosher Place
West Hurley, NY 12491
845-706-3303
melissa@morevoterchoicefund.org
NY Bar Number: 5441860


/s/Oliver B. Hall
Oliver B. Hall*
CENTER FOR COMPETITIVE DEMOCRACY
P.O. Box 21090
Washington, D.C. 20009
202-248-9294
oliverhall@competitivedemocracy.org
DC Bar No. 976463
*Counsel for Proposed Intervenors*
Motion for Admission Pro Hac Vice
Forthcoming

## CERTIFICATE OF SERVICE

    I hereby certify that on August 2, 2024, the foregoing document was filed using the Court's CM/ECF system, which will effect service upon all counsel of record.

*/s/Melissa Cowan*
Melissa Cowan