

250 Vesey Street
27th Floor
New York, NY 10281

wmhwlaw.com
T: 212-335-2030
F: 212-335-2040

August 30, 2024

**Via ECF**
Hon. Andrew L. Carter Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    ***Team Kennedy et al. vs. Berger et al.*** (1:24-cv-03897-ALC)

Dear Judge Carter:

We represent Plaintiff Team Kennedy ("Plaintiff") in the above-captioned action.  We write to request permission for expedited discovery to serve subpoenas on Caroline Cartwright, Matthew Nelson, Joseph R. Rhone, Jr. ("Intervenor Defendants"), and Alexander Pease[1] (together with "Intervenor Defendants", "Objectors").[2]  The proposed subpoenas request three very narrow and critical categories of documents and are attached as **Exhibits 1-4** to this letter motion.

For many months, the Democratic Party has waged a war to keep Robert F. Kennedy Jr. and other third-party candidates off the ballot, including through vexatious litigation.  They have benefitted from the fact that New York has elected judges, many of whom hail from the very party funding the litigation.  Indeed, their recent "victory" at the New York appellate court was rendered by a panel of 5 judges, 4 of whom were Democrats, with the only Republican abstaining.  Now, days away from securing their majority-party monopoly on the ballot—making New York the only state in the nation to have no third-party candidate for U.S. President on the ballot—the Intervenor Defendants, objectors of Kennedy's nominating petition, entered this suit, claiming the conflict-ridden judges should be the sole arbiters in this fight.  And the arguments they have made in support of their petition belie their true anti-democratic goals: to eliminate discourse and diversity

---

[1] Although the proposed subpoena to Alexander Pease is a third-party subpoena, Alexander Pease was a petitioner in *Cartwright et al. v. Kennedy et al.* (N.Y. Sup. Ct., 52389/2024).  For reasons that are unknown to Plaintiff, Pease is not a proposed Intervenor-Defendant in this action, but any coordination with the Democratic National Committee or objection to the nominating petitions of other third-party candidates in other states would be equally probative.

[2] Counsel for Plaintiff has met and conferred with counsel for Intervenor Defendants, who stated that they would take our request under advisement.  We are aware that Your Honor's Individual Practices Rule 2.A. and Local Civil Rule 37.2 require the moving party to request an informal conference with the Court by a letter before filing such motion, but in light of the urgent nature of this case, Intervenor Defendants' last-minute motion to enter this action and its unresolved status, and the upcoming Preliminary Injunction hearing, we respectfully ask Your Honor to waive this requirement and consider this motion.

of thought. This discovery will assist the court, exposing the conflict-ridden system to which the Intervenor Defendants ask this Court to defer.

Federal Rules of Civil Procedure Rule 26(d) provides that a party may seek discovery before a Rule 26(f) conference if "authorized ... by court order." Fed. R. Civ. P. 26. Courts in the Second Circuit have applied the "flexible standard of reasonableness and good cause" in determining whether such motions for expedited discovery should be granted. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005); *see also Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007).

In the proposed subpoenas, Plaintiff seeks expedited and narrow discovery on the limited issues of Objectors' communications with the Democratic National Committee (the "DNC") in a short window of time, Objectors' sources of litigation funding, and Objectors' effort to object to nominating petitions of other third-party candidates running for the President of the United States.

Plaintiff is entitled to the limited expedited discovery under the reasonableness and good cause standard. Specifically, Intervenor Defendants entered this action to preserve their "favorable state court judgment." Dkt. No. 42 at 4. It is therefore crucial for Plaintiff to obtain evidence to demonstrate to this Court that this "favorable judgment" is a result of anti-democratic efforts, coordinated by the Democratic party, and rendered by a highly conflicted judicial system, which seeks to ensure a monopoly for majority-party candidates, and thus disenfranchising thousands of New York voters.

For the reasons stated above, we respectfully request this Court grant Plaintiff's request for discovery.

Respectfully,

*/s/ Jim Walden*

Jim Walden
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY 10281
Tel: (212) 335-2030
jwalden@wmhwlaw.com
*Attorney for Team Kennedy*

cc:     Counsel of record

# EXHIBIT 1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Team Kennedy et al., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:24-cv-03897-ALC |
| Berger et al., | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Caroline Cartwright

_____

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto

| Place: Jim Walden; Walden Macht Haran & Williams LLP; 250 Vesey Street, 27th Floor, New York, New York 10281; jwalden@wmhwlaw.com; (212) 335-2030 | Date and Time: 09/03/2024 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/30/2024

                    CLERK OF COURT

                                              OR

_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiff
Team Kennedy , who issues or requests this subpoena, are:

Jim Walden; 250 Vesey Street, 27th Floor, New York, New York 10281; jwalden@wmhwlaw.com; (212) 335-2030

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03897-ALC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

## <u>EXHIBIT A – REQUESTS FOR PRODUCTION</u>

### <u>DEFINITIONS</u>

1.      "You," or "Your" means Caroline Cartwright, Caroline Griffin, and/or Caroline Griffin Cartwright and/or any of her agents, or representatives acting on her behalf.

2.      "Clear Choice PAC" is "Clear Choice PAC, Inc.," a political action committee.

3.      "Democratic National Committee" is the principal committee of the United States Democratic Party.

4.      "Objector" means any person who made any filing or submission in any state, pursuant to relevant state or local law, with any court, election board, or other entity or body authorized to receive such a filing or submission, to object to, challenge, or otherwise contest the nominating petition or designating petition of, or the inclusion on the general election ballot of, any candidate for president of the United States.

5.      "Third-party candidate" means a candidate from any political party, new or previously existing, other than the Democratic Party or the Republican Party.

6.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope.

1

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

7.      "Communication" or "Communications" is synonymous with the usage of that term in Local Civil Rule 26.3(c), and means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, for instance, writings, correspondence, meetings, conferences, conversations, dialogues, discussions, interviews, consultations, agreements, inquiries, electronic mail messages, SMS messages, online platforms, or mobile apps, messages sent via WhatsApp, Skype, or any other real-time electronic means, and any other expressions or understandings, whether made face-to-face, by telephone, mail, facsimile, computer, or electronic transmission, or otherwise.

8.      "Document" or "Documents" is synonymous in meaning and equal in scope to the usage of that term in Local Civil Rule 26.3(c) and the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). "Document" or "Documents" includes, for instance, writings, e-mails, reports, papers, notes, accounts, memoranda, correspondence, communications, worksheets, workpapers, analyses, contracts, charts, spreadsheets, agreements, working papers, corporate records, minutes of meetings, books of account, ledger books, notebooks, calendars, diaries, blogs, e-mails, texts, tweets, tiktoks, drawings, graphs, charts, photographs, snapchats, images, films, slides, audiotape, videotape, appointment books, drafts, memoranda of meetings or conversations, telephone records, computer tapes, computer discs, optical discs, laser discs, computer cards and computer printouts, and other data or data compilations from which information can be obtained or translated, all electronic, mechanical, magnetic, optical, or electric data, records, or representations of any kind (including computer

2

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

data, computer files, computer programs, hard drives, floppy disks, compact disks, tapes and cards existing on desktop computers, laptop computers, notebook computers, personal digital assistant computers, mobile devices, servers, backup tapes, or any other medium), and all other ESI. A draft Document or a copy of a Document that is in any way different from the original (including as to any handwritten notes, notations, stamps, highlights, underlines, interlineations, or any other markings) is a separate Document within the meaning of this term.

## **INSTRUCTIONS**

1.      These document requests are to be construed according to their broadest possible meaning consistent with Local Rule 26.3. Defined terms are to be given their defined meaning, even if not capitalized.

2.      Each document request seeks production of the document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or other matters affixed thereto. Documents attached to each other, including by staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information Concerning the source and/or location of the documents.

3.      Draft or non-identical copies are to be considered separate documents for purposes of these requests. All drafts and copies of each document that are responsive to any document request shall be produced, as shall all copies of such documents that are not identical in any respect, including copies containing any

3

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

handwritten notes, notations, stamps, highlights, underlines, interlineations, or any other markings.  The author(s) of all handwritten notes should be identified.

4.    Versions of documents created in different languages shall be considered separate documents for purposes of these document requests.

5.    Non-ESI documents shall be scanned and processed with optical character recognition (OCR), prior to production.  Documents from any single file shall be produced in the same order as they were found in such file.  All tabs, labels, folders, envelopes, jackets, or any identification of the source of the documents shall also be scanned and produced as part of the documents.

6.    For all documents that are in color, in whole or in part, You shall provide color copies of all documents.

7.    If there are no Documents or Communications responsive to a particular document request, You shall so state in writing.

8.    If a claim of privilege is asserted in objecting to any document request, and any documents are withheld on the basis of such assertion, you shall, in your response or objection, identify the nature of the privilege (including work product) which is being claimed. When any privilege is claimed, you shall indicate, as to the information requested, whether (a) any documents exist, or (b) any communications took place, and (c) also provide the following information for each such document in a "privileged documents log" or similar format:

(a)    the type of document;

(b)    the general subject matter of the document;

4

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

    (c)   the date of the document;

    (d)   the author(s) of the document;

    (e)   the addressee(s) and any other recipient(s) of the document; and

    (f)   the custodian of the document, where applicable.

9.    If You claim that a portion of a document is protected from disclosure for any reason, produce such document with redaction of only the portion claimed to be protected. Any document produced in redacted form should clearly indicate on its face that it has been redacted, and the basis upon which such information is redacted should be fully stated.

10.    If any documents are withheld on the basis of some other objection, state with particularity the nature of and the complete factual basis for the Objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

11.    The following constructions shall be applied to bring within the scope of a document request all responsive documents that might otherwise be construed to be outside of its scope:

    (a)   The use of a word in its singular form shall be construed to include within its use the plural form, and vice versa;

    (b)   The term "among" shall be construed to mean between or among;

    (c)   The term "including" is used to illustrate only, and shall not be construed to limit the scope of any Interrogatory in any way;

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

    (d)   Any masculine pronoun shall be construed to include the feminine pronoun and vice versa;

    (e)   The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

    (f)   Terms shall be construed in the conjunctive or disjunctive, as necessary, to make the document request more inclusive rather than exclusive.

    12.   For each document request, unless a different time period is specified, identify and produce all non-privileged, responsive information covering the period from January 1, 2024, through the date of Your response.

    13.   These document requests are continuing in nature. If, after producing any documents in response to these document requests, You obtain or become aware of additional responsive information or documents, You are required to provide such information or documents by way of a supplemental production, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

Please produce the following documents or things in Your custody, possession, or control:

    1.   Communications from the period between May 6, 2024, and June 12, 2024, between You, on the one hand, and the Democratic National Committee and/or Clear Choice PAC, on the other, including any employees or agents thereof acting on behalf of the Democratic National Committee and/or Clear Choice PAC,

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

regarding Your filing of, or relating to the substance of or purported basis for (a) the General Objection You filed with the New York State Board of Elections on or around May 30, 2024; (b) the Specifications of Objection You filed with the New York State Board of Elections on or around June 5, 2024; (c) the Verified Petition entitled *Cartwright et al. v. Robert F. Kennedy, Jr., et al.,* Index No. 2024-52389 (Sup. Ct., Dutchess Cty. 2024), filed on or about June 10, 2024; and/or (d) the lawsuit entitled *In the Matter of the Application of Caroline Cartwright, et al. v. Robert F. Kennedy, Jr., et al.*, Index No. 906349-24 (Sup. Ct., Albany Cty. 2024).

2.      Documents or communications sufficient to identify the payor or payors of all legal fees incurred in the lawsuit entitled *In the Matter of the Application of Caroline Cartwright, et al. v. Robert F. Kennedy, Jr. et al.*, Index No. 906349-24 (Sup. Ct., Albany Cty 2024).

3.      Documents sufficient to show whether You objected to, challenged, contested, or otherwise served as an Objector, in any U.S. state, to the nominating petition or inclusion on the primary or general election ballot of any third-party candidate for President of the United States.

# EXHIBIT 2

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| Team Kennedy et al., | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.    1:24-cv-03897-ALC |
| Berger et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Matthew Nelson

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto

| Place:   Jim Walden; Walden Macht Haran & Williams LLP; 250 Vesey Street, 27th Floor, New York, New York 10281; jwalden@wmhwlaw.com; (212) 335-2030 | Date and Time: <br><br> 09/03/2024 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/30/2024

               *CLERK OF COURT*

                                       OR

_____      _____
          *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
Team Kennedy                                         , who issues or requests this subpoena, are:
Jim Walden; 250 Vesey Street, 27th Floor, New York, New York 10281; jwalden@wmhwlaw.com; (212) 335-2030

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:24-cv-03897-ALC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

## <u>EXHIBIT A – REQUESTS FOR PRODUCTION</u>

### <u>DEFINITIONS</u>

1.      "You," or "Your" means Matthew Nelson and/or any of his agents, or representatives acting on his behalf.

2.      "Clear Choice PAC" is "Clear Choice PAC, Inc.," a political action committee.

3.      "Democratic National Committee" is the principal committee of the United States Democratic Party.

4.      "Objector" means any person who made any filing or submission in any state, pursuant to relevant state or local law, with any court, election board, or other entity or body authorized to receive such a filing or submission, to object to, challenge, or otherwise contest the nominating petition or designating petition of, or the inclusion on the general election ballot of, any candidate for president of the United States.

5.      "Third-party candidate" means a candidate from any political party, new or previously existing, other than the Democratic Party or the Republican Party.

6.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope.

7.      "Communication" or "Communications" is synonymous with the

1

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

usage of that term in Local Civil Rule 26.3(c), and means the transmittal of information

(in the form of facts, ideas, inquiries, or otherwise), including, for instance, writings,

correspondence, meetings, conferences, conversations, dialogues, discussions,

interviews, consultations, agreements, inquiries, electronic mail messages, SMS

messages, online platforms, or mobile apps, messages sent via WhatsApp, Skype, or any

other real-time electronic means, and any other expressions or understandings, whether

made face-to-face, by telephone, mail, facsimile, computer, or electronic transmission,

or otherwise.

        8.     "Document" or "Documents" is synonymous in meaning and equal

in scope to the usage of that term in Local Civil Rule 26.3(c) and the term "documents

or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). "Document" or

"Documents" includes, for instance, writings, e-mails, reports, papers, notes, accounts,

memoranda, correspondence, communications, worksheets, workpapers, analyses,

contracts, charts, spreadsheets, agreements, working papers, corporate records, minutes

of meetings, books of account, ledger books, notebooks, calendars, diaries, blogs, e-

mails, texts, tweets, tiktoks, drawings, graphs, charts, photographs, snapchats, images,

films, slides, audiotape, videotape, appointment books, drafts, memoranda of meetings

or conversations, telephone records, computer tapes, computer discs, optical discs, laser

discs, computer cards and computer printouts, and other data or data compilations from

which information can be obtained or translated, all electronic, mechanical, magnetic,

optical, or electric data, records, or representations of any kind (including computer

data, computer files, computer programs, hard drives, floppy disks, compact disks, tapes

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

and cards existing on desktop computers, laptop computers, notebook computers, personal digital assistant computers, mobile devices, servers, backup tapes, or any other medium), and all other ESI. A draft Document or a copy of a Document that is in any way different from the original (including as to any handwritten notes, notations, stamps, highlights, underlines, interlineations, or any other markings) is a separate Document within the meaning of this term.

## INSTRUCTIONS

1.      These document requests are to be construed according to their broadest possible meaning consistent with Local Rule 26.3. Defined terms are to be given their defined meaning, even if not capitalized.

2.      Each document request seeks production of the document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or other matters affixed thereto. Documents attached to each other, including by staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information Concerning the source and/or location of the documents.

3.      Draft or non-identical copies are to be considered separate documents for purposes of these requests. All drafts and copies of each document that are responsive to any document request shall be produced, as shall all copies of such documents that are not identical in any respect, including copies containing any handwritten notes, notations, stamps, highlights, underlines, interlineations, or any other

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

markings.  The author(s) of all handwritten notes should be identified.

4.     Versions of documents created in different languages shall be considered separate documents for purposes of these document requests.

5.     Non-ESI documents shall be scanned and processed with optical character recognition (OCR), prior to production.  Documents from any single file shall be produced in the same order as they were found in such file.  All tabs, labels, folders, envelopes, jackets, or any identification of the source of the documents shall also be scanned and produced as part of the documents.

6.     For all documents that are in color, in whole or in part, You shall provide color copies of all documents.

7.     If there are no Documents or Communications responsive to a particular document request, You shall so state in writing.

8.     If a claim of privilege is asserted in objecting to any document request, and any documents are withheld on the basis of such assertion, you shall, in your response or objection, identify the nature of the privilege (including work product) which is being claimed. When any privilege is claimed, you shall indicate, as to the information requested, whether (a) any documents exist, or (b) any communications took place, and (c) also provide the following information for each such document in a "privileged documents log" or similar format:

   (a)    the type of document;

   (b)    the general subject matter of the document;

   (c)    the date of the document;

4

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

> (d)   the author(s) of the document;
>
> (e)   the addressee(s) and any other recipient(s) of the document; and
>
> (f)   the custodian of the document, where applicable.

9.   If You claim that a portion of a document is protected from disclosure for any reason, produce such document with redaction of only the portion claimed to be protected. Any document produced in redacted form should clearly indicate on its face that it has been redacted, and the basis upon which such information is redacted should be fully stated.

10.   If any documents are withheld on the basis of some other objection, state with particularity the nature of and the complete factual basis for the Objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

11.   The following constructions shall be applied to bring within the scope of a document request all responsive documents that might otherwise be construed to be outside of its scope:

> (a)   The use of a word in its singular form shall be construed to include within its use the plural form, and vice versa;
>
> (b)   The term "among" shall be construed to mean between or among;
>
> (c)   The term "including" is used to illustrate only, and shall not be construed to limit the scope of any Interrogatory in any way;
>
> (d)   Any masculine pronoun shall be construed to include the

5

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

          feminine pronoun and vice versa;

    (e)    The use of a verb in any tense shall be construed as the use of

          that verb in all other tenses;

    (f)    Terms shall be construed in the conjunctive or disjunctive, as

          necessary, to make the document request more inclusive rather

          than exclusive.

    12.    For each document request, unless a different time period is specified, identify and produce all non-privileged, responsive information covering the period from January 1, 2024, through the date of Your response.

    13.    These document requests are continuing in nature. If, after producing any documents in response to these document requests, You obtain or become aware of additional responsive information or documents, You are required to provide such information or documents by way of a supplemental production, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

Please produce the following documents or things in Your custody, possession, or control:

    1.    Communications from the period between May 6, 2024, and June 12, 2024, between You, on the one hand, and the Democratic National Committee and/or Clear Choice PAC, on the other, including any employees or agents thereof acting on behalf of the Democratic National Committee and/or Clear Choice PAC, regarding Your filing of, or relating to the substance of or purported basis for (a) the

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

General Objection You filed with the New York State Board of Elections on or around May 30, 2024; (b) the Specifications of Objection You filed with the New York State Board of Elections on or around June 5, 2024; (c) the Verified Petition entitled *Cartwright et al. v. Robert F. Kennedy, Jr., et al.,* Index No. 2024-52389 (Sup. Ct., Dutchess Cty. 2024), filed on or about June 10, 2024; and/or (d) the lawsuit entitled *In the Matter of the Application of Caroline Cartwright, et al. v. Robert F. Kennedy, Jr., et al.*, Index No. 906349-24 (Sup. Ct., Albany Cty. 2024).

      2.     Documents or communications sufficient to identify the payor or payors of all legal fees incurred in the lawsuit entitled *In the Matter of the Application of Caroline Cartwright, et al. v. Robert F. Kennedy, Jr. et al.*, Index No. 906349-24 (Sup. Ct., Albany Cty 2024).

      3.     Documents sufficient to show whether You objected to, challenged, contested, or otherwise served as an Objector, in any U.S. state, to the nominating petition or inclusion on the primary or general election ballot of any third-party candidate for President of the United States.

7

# EXHIBIT 3

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| Team Kennedy et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:24-cv-03897-ALC |
| Berger et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Alexander Pease

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto

| Place: Jim Walden; Walden Macht Haran & Williams LLP; 250 Vesey Street, 27th Floor, New York, New York 10281; jwalden@wmhlaw.com; (212) 335-2030 | Date and Time:  09/03/2024 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/30/2024

                    *CLERK OF COURT*
                                                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
Team Kennedy                                      , who issues or requests this subpoena, are:

Jim Walden; 250 Vesey Street, 27th Floor, New York, New York 10281; jwalden@wmhlaw.com; (212) 335-2030

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-03897-ALC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

## EXHIBIT A – REQUESTS FOR PRODUCTION

### DEFINITIONS

1.      "You," or "Your" means Alexander Pease and/or any of his agents, or representatives acting on his behalf.

2.      "Clear Choice PAC" is "Clear Choice PAC, Inc.," a political action committee.

3.      "Democratic National Committee" is the principal committee of the United States Democratic Party.

4.      "Objector" means any person who made any filing or submission in any state, pursuant to relevant state or local law, with any court, election board, or other entity or body authorized to receive such a filing or submission, to object to, challenge, or otherwise contest the nominating petition or designating petition of, or the inclusion on the general election ballot of, any candidate for president of the United States.

5.      "Third-party candidate" means a candidate from any political party, new or previously existing, other than the Democratic Party or the Republican Party.

6.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope.

7.      "Communication" or "Communications" is synonymous with the

1

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

usage of that term in Local Civil Rule 26.3(c), and means the transmittal of information

(in the form of facts, ideas, inquiries, or otherwise), including, for instance, writings,

correspondence, meetings, conferences, conversations, dialogues, discussions,

interviews, consultations, agreements, inquiries, electronic mail messages, SMS

messages, online platforms, or mobile apps, messages sent via WhatsApp, Skype, or any

other real-time electronic means, and any other expressions or understandings, whether

made face-to-face, by telephone, mail, facsimile, computer, or electronic transmission,

or otherwise.

8.    "Document" or "Documents" is synonymous in meaning and equal

in scope to the usage of that term in Local Civil Rule 26.3(c) and the term "documents

or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  "Document" or

"Documents" includes, for instance, writings, e-mails, reports, papers, notes, accounts,

memoranda, correspondence, communications, worksheets, workpapers, analyses,

contracts, charts, spreadsheets, agreements, working papers, corporate records, minutes

of meetings, books of account, ledger books, notebooks, calendars, diaries, blogs, e-

mails, texts, tweets, tiktoks, drawings, graphs, charts, photographs, snapchats, images,

films, slides, audiotape, videotape, appointment books, drafts, memoranda of meetings

or conversations, telephone records, computer tapes, computer discs, optical discs, laser

discs, computer cards and computer printouts, and other data or data compilations from

which information can be obtained or translated, all electronic, mechanical, magnetic,

optical, or electric data, records, or representations of any kind (including computer

data, computer files, computer programs, hard drives, floppy disks, compact disks, tapes

2

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

and cards existing on desktop computers, laptop computers, notebook computers, personal digital assistant computers, mobile devices, servers, backup tapes, or any other medium), and all other ESI.  A draft Document or a copy of a Document that is in any way different from the original (including as to any handwritten notes, notations, stamps, highlights, underlines, interlineations, or any other markings) is a separate Document within the meaning of this term.

## **INSTRUCTIONS**

1.      These document requests are to be construed according to their broadest possible meaning consistent with Local Rule 26.3.  Defined terms are to be given their defined meaning, even if not capitalized.

2.      Each document request seeks production of the document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or other matters affixed thereto.  Documents attached to each other, including by staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated.  The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information Concerning the source and/or location of the documents.

3.      Draft or non-identical copies are to be considered separate documents for purposes of these requests.  All drafts and copies of each document that are responsive to any document request shall be produced, as shall all copies of such documents that are not identical in any respect, including copies containing any handwritten notes, notations, stamps, highlights, underlines, interlineations, or any other

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

markings. The author(s) of all handwritten notes should be identified.

4.    Versions of documents created in different languages shall be considered separate documents for purposes of these document requests.

5.    Non-ESI documents shall be scanned and processed with optical character recognition (OCR), prior to production. Documents from any single file shall be produced in the same order as they were found in such file. All tabs, labels, folders, envelopes, jackets, or any identification of the source of the documents shall also be scanned and produced as part of the documents.

6.    For all documents that are in color, in whole or in part, You shall provide color copies of all documents.

7.    If there are no Documents or Communications responsive to a particular document request, You shall so state in writing.

8.    If a claim of privilege is asserted in objecting to any document request, and any documents are withheld on the basis of such assertion, you shall, in your response or objection, identify the nature of the privilege (including work product) which is being claimed. When any privilege is claimed, you shall indicate, as to the information requested, whether (a) any documents exist, or (b) any communications took place, and (c) also provide the following information for each such document in a "privileged documents log" or similar format:

(a)    the type of document;

(b)    the general subject matter of the document;

(c)    the date of the document;

4

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

> (d)    the author(s) of the document;
>
> (e)    the addressee(s) and any other recipient(s) of the document; and
>
> (f)    the custodian of the document, where applicable.

9.    If You claim that a portion of a document is protected from disclosure for any reason, produce such document with redaction of only the portion claimed to be protected. Any document produced in redacted form should clearly indicate on its face that it has been redacted, and the basis upon which such information is redacted should be fully stated.

10.    If any documents are withheld on the basis of some other objection, state with particularity the nature of and the complete factual basis for the Objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

11.    The following constructions shall be applied to bring within the scope of a document request all responsive documents that might otherwise be construed to be outside of its scope:

> (a)    The use of a word in its singular form shall be construed to include within its use the plural form, and vice versa;
>
> (b)    The term "among" shall be construed to mean between or among;
>
> (c)    The term "including" is used to illustrate only, and shall not be construed to limit the scope of any Interrogatory in any way;
>
> (d)    Any masculine pronoun shall be construed to include the

5

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

feminine pronoun and vice versa;

(e)   The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

(f)   Terms shall be construed in the conjunctive or disjunctive, as necessary, to make the document request more inclusive rather than exclusive.

12.   For each document request, unless a different time period is specified, identify and produce all non-privileged, responsive information covering the period from January 1, 2024, through the date of Your response.

13.   These document requests are continuing in nature. If, after producing any documents in response to these document requests, You obtain or become aware of additional responsive information or documents, You are required to provide such information or documents by way of a supplemental production, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

Please produce the following documents or things in Your custody, possession, or control:

1.   Communications from the period between May 6, 2024, and June 12, 2024, between You, on the one hand, and the Democratic National Committee and/or Clear Choice PAC, on the other, including any employees or agents thereof acting on behalf of the Democratic National Committee and/or Clear Choice PAC, regarding Your filing of, or relating to the substance of or purported basis for (a) the

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

General Objection You filed with the New York State Board of Elections on or around May 30, 2024; (b) the Specifications of Objection You filed with the New York State Board of Elections on or around June 5, 2024; (c) the Verified Petition entitled *Cartwright et al. v. Robert F. Kennedy, Jr., et al.,* Index No. 2024-52389 (Sup. Ct., Dutchess Cty. 2024), filed on or about June 10, 2024; and/or (d) the lawsuit entitled *In the Matter of the Application of Caroline Cartwright, et al. v. Robert F. Kennedy, Jr., et al.*, Index No. 906349-24 (Sup. Ct., Albany Cty. 2024).

2.      Documents or communications sufficient to identify the payor or payors of all legal fees incurred in the lawsuit entitled *In the Matter of the Application of Caroline Cartwright, et al. v. Robert F. Kennedy, Jr. et al.*, Index No. 906349-24 (Sup. Ct., Albany Cty 2024).

3.      Documents sufficient to show whether You objected to, challenged, contested, or otherwise served as an Objector, in any U.S. state, to the nominating petition or inclusion on the primary or general election ballot of any third-party candidate for President of the United States.

# EXHIBIT 4

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Team Kennedy et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Berger et al., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:24-cv-03897-ALC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Joseph R. Rhone, Jr.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto

| Place: Jim Walden; Walden Macht Haran & Williams LLP; 250 Vesey Street, 27th Floor, New York, New York 10281; jwalden@wmhlaw.com; (212) 335-2030 | Date and Time: 09/03/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/30/2024

CLERK OF COURT

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Team Kennedy                                          , who issues or requests this subpoena, are:

Jim Walden; 250 Vesey Street, 27th Floor, New York, New York 10281; jwalden@wmhlaw.com; (212) 335-2030

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-03897-ALC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

## EXHIBIT A – REQUESTS FOR PRODUCTION

### DEFINITIONS

1.      "You," or "Your" means Joseph J. Rhone and/or Joseph "Jody" Rhone, and/or any of his agents, or representatives acting on his behalf.

2.      "Clear Choice PAC" is "Clear Choice PAC, Inc.," a political action committee.

3.      "Democratic National Committee" is the principal committee of the United States Democratic Party.

4.      "Objector" means any person who made any filing or submission in any state, pursuant to relevant state or local law, with any court, election board, or other entity or body authorized to receive such a filing or submission, to object to, challenge, or otherwise contest the nominating petition or designating petition of, or the inclusion on the general election ballot of, any candidate for president of the United States.

5.      "Third-party candidate" means a candidate from any political party, new or previously existing, other than the Democratic Party or the Republican Party.

6.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope.

7.      "Communication" or "Communications" is synonymous with the

1

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

usage of that term in Local Civil Rule 26.3(c), and means the transmittal of information

(in the form of facts, ideas, inquiries, or otherwise), including, for instance, writings,

correspondence, meetings, conferences, conversations, dialogues, discussions,

interviews, consultations, agreements, inquiries, electronic mail messages, SMS

messages, online platforms, or mobile apps, messages sent via WhatsApp, Skype, or any

other real-time electronic means, and any other expressions or understandings, whether

made face-to-face, by telephone, mail, facsimile, computer, or electronic transmission,

or otherwise.

        8.      "Document" or "Documents" is synonymous in meaning and equal

in scope to the usage of that term in Local Civil Rule 26.3(c) and the term "documents

or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). "Document" or

"Documents" includes, for instance, writings, e-mails, reports, papers, notes, accounts,

memoranda, correspondence, communications, worksheets, workpapers, analyses,

contracts, charts, spreadsheets, agreements, working papers, corporate records, minutes

of meetings, books of account, ledger books, notebooks, calendars, diaries, blogs, e-

mails, texts, tweets, tiktoks, drawings, graphs, charts, photographs, snapchats, images,

films, slides, audiotape, videotape, appointment books, drafts, memoranda of meetings

or conversations, telephone records, computer tapes, computer discs, optical discs, laser

discs, computer cards and computer printouts, and other data or data compilations from

which information can be obtained or translated, all electronic, mechanical, magnetic,

optical, or electric data, records, or representations of any kind (including computer

data, computer files, computer programs, hard drives, floppy disks, compact disks, tapes

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

and cards existing on desktop computers, laptop computers, notebook computers, personal digital assistant computers, mobile devices, servers, backup tapes, or any other medium), and all other ESI.  A draft Document or a copy of a Document that is in any way different from the original (including as to any handwritten notes, notations, stamps, highlights, underlines, interlineations, or any other markings) is a separate Document within the meaning of this term.

## **INSTRUCTIONS**

      1.     These document requests are to be construed according to their broadest possible meaning consistent with Local Rule 26.3.  Defined terms are to be given their defined meaning, even if not capitalized.

      2.     Each document request seeks production of the document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or other matters affixed thereto.  Documents attached to each other, including by staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated.  The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information Concerning the source and/or location of the documents.

      3.     Draft or non-identical copies are to be considered separate documents for purposes of these requests.  All drafts and copies of each document that are responsive to any document request shall be produced, as shall all copies of such documents that are not identical in any respect, including copies containing any handwritten notes, notations, stamps, highlights, underlines, interlineations, or any other

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

markings. The author(s) of all handwritten notes should be identified.

4.    Versions of documents created in different languages shall be considered separate documents for purposes of these document requests.

5.    Non-ESI documents shall be scanned and processed with optical character recognition (OCR), prior to production. Documents from any single file shall be produced in the same order as they were found in such file. All tabs, labels, folders, envelopes, jackets, or any identification of the source of the documents shall also be scanned and produced as part of the documents.

6.    For all documents that are in color, in whole or in part, You shall provide color copies of all documents.

7.    If there are no Documents or Communications responsive to a particular document request, You shall so state in writing.

8.    If a claim of privilege is asserted in objecting to any document request, and any documents are withheld on the basis of such assertion, you shall, in your response or objection, identify the nature of the privilege (including work product) which is being claimed. When any privilege is claimed, you shall indicate, as to the information requested, whether (a) any documents exist, or (b) any communications took place, and (c) also provide the following information for each such document in a "privileged documents log" or similar format:

(a)    the type of document;

(b)    the general subject matter of the document;

(c)    the date of the document;

4

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

(d)    the author(s) of the document;

(e)    the addressee(s) and any other recipient(s) of the document; and

(f)    the custodian of the document, where applicable.

9.    If You claim that a portion of a document is protected from disclosure for any reason, produce such document with redaction of only the portion claimed to be protected. Any document produced in redacted form should clearly indicate on its face that it has been redacted, and the basis upon which such information is redacted should be fully stated.

10.    If any documents are withheld on the basis of some other objection, state with particularity the nature of and the complete factual basis for the Objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

11.    The following constructions shall be applied to bring within the scope of a document request all responsive documents that might otherwise be construed to be outside of its scope:

(a)    The use of a word in its singular form shall be construed to include within its use the plural form, and vice versa;

(b)    The term "among" shall be construed to mean between or among;

(c)    The term "including" is used to illustrate only, and shall not be construed to limit the scope of any Interrogatory in any way;

(d)    Any masculine pronoun shall be construed to include the

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

feminine pronoun and vice versa;

(e)    The use of a verb in any tense shall be construed as the use of

that verb in all other tenses;

(f)    Terms shall be construed in the conjunctive or disjunctive, as

necessary, to make the document request more inclusive rather

than exclusive.

12.    For each document request, unless a different time period is

specified, identify and produce all non-privileged, responsive information covering the

period from January 1, 2024, through the date of Your response.

13.    These document requests are continuing in nature. If, after

producing any documents in response to these document requests, You obtain or become

aware of additional responsive information or documents, You are required to provide

such information or documents by way of a supplemental production, consistent with

Rule 26(e) of the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

Please produce the following documents or things in Your custody, possession, or

control:

1.    Communications from the period between May 6, 2024, and June

12, 2024, between You, on the one hand, and the Democratic National Committee

and/or Clear Choice PAC, on the other, including any employees or agents thereof

acting on behalf of the Democratic National Committee and/or Clear Choice PAC,

regarding Your filing of, or relating to the substance of or purported basis for (a) the

*Team Kennedy et al. v. Henry T. Berger et al.*
Case No. 24-CV-3897-ALC (S.D.N.Y)

General Objection You filed with the New York State Board of Elections on or around May 30, 2024; (b) the Specifications of Objection You filed with the New York State Board of Elections on or around June 5, 2024; (c) the Verified Petition entitled *Cartwright et al. v. Robert F. Kennedy, Jr., et al.,* Index No. 2024-52389 (Sup. Ct., Dutchess Cty. 2024), filed on or about June 10, 2024; and/or (d) the lawsuit entitled *In the Matter of the Application of Caroline Cartwright, et al. v. Robert F. Kennedy, Jr., et al.*, Index No. 906349-24 (Sup. Ct., Albany Cty. 2024).

2. Documents or communications sufficient to identify the payor or payors of all legal fees incurred in the lawsuit entitled *In the Matter of the Application of Caroline Cartwright, et al. v. Robert F. Kennedy, Jr. et al.*, Index No. 906349-24 (Sup. Ct., Albany Cty 2024).

3. Documents sufficient to show whether You objected to, challenged, contested, or otherwise served as an Objector, in any U.S. state, to the nominating petition or inclusion on the primary or general election ballot of any third-party candidate for President of the United States.