UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAM KENNEDY, AMERICAN VALUES 2024, AND JEFFREY ROSE, <br><br> *Plaintiffs*, <br><br> -against- <br><br> HENRY T. BERGER, in his official capacity as the Co-Chair of the New York State Board of Elections; PETER S. KOSINSKI, in his official capacity as the Co-Chair of the New York State Board of Elections; ESSMA BAGNUOLA, in her official capacity as a Commissioner of the New York State Board of Elections; ANTHONY J. CASSALE, in his official capacity as a Commissioner of the New York State Board of Elections; KRISTEN ZEBROWSKI STAVISKY, in her official capacity as Co-Executive Director of the New York State Board of Elections; RAYMOND J. RILEY, III, in his official Capacity as Co-Executive Director of the New York State Board of Elections; and, LETITIA JAMES, in her official capacity as the Attorney General of the state of New York, <br><br> *Defendants*. | Case No. 24-cv-3897-ALC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**

Date: September 9, 2024

| | |
|---|---|
| **/s/ Gary Donoyan** | **/s/ Paul Rossi** |
| Gary L. Donoyan, Esq. | Paul A. Rossi, Esq. |
| Law Office of Gary L. Donoyan | (*pro hac vice* forthcoming) |
| 565 Plandome Road #209 | 316 Hill Street Suite 1020 |
| Manhasset, NY 11030 | Mountville, PA 17554 |
| 516.312.8782 | 717.961.8978 |
| gdonoyan@verizon.net | Paul-Rossi@comcast.net |
| | |
| *Counsel for Team Kennedy* | *Counsel for Team Kennedy* |
| | |
| **/s/ Jim Walden** | **/s/ Jed Rubenfeld** |
| Jim Walden, Esq. | Jed Rubenfeld, Esq. |
| Walden, Macht, Haran & Williams | 1031 Forest Rd. |
| 250 Vesey Street | New Haven CT 06515 |
| New York, New York | 203-432-7631 |
| 212-335-2031 | jed.rubenfeld@yale.edu |
| jwalden@wmhwlaw.com | |
| | |
| *Counsel for Team Kennedy* | *Counsel for AV2024, Jeffrey Rose* |

# **TABLE OF CONTENTS**

**Pages**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ............................................................................................................................1

ARGUMENT ..................................................................................................................................2

I.     LEGAL STANDARD................................................................................................2

II.    MR. ROSE FAIRLY AND ADEQUATELY REPRESENTS THE INTERESTS
OF THE PROPOSED CLASSES ..............................................................................3

III.   DEFENDANTS WILL NOT SUFFER PREJUDICE ..............................................5

CONCLUSION ................................................................................................................................6

i

## PRELIMINARY STATEMENT

Plaintiffs file the instant motion, seeking the Court's leave to amend the First Amended Complaint ("FAC").  Plaintiffs' proposed Second Amended Complaint ("SAC") is attached as **Exhibit A** in both a redline and clean version.

As set forth below, Plaintiffs have satisfied the standards under Fed. R. Civ. P. 15 to amend the FAC.  Because the SAC timely alleges proposed classes whose interest can be fairly and adequately represented by Plaintiff Jeffrey Rose, and Defendants will not suffer any prejudice as a result of the proposed amendment, the motion for leave to amend should be granted.

## BACKGROUND

Plaintiff Team Kennedy filed the original Complaint on May 21, 2024.  The original Complaint alleges that Defendants enforced ballot access restrictions on third-party and independent presidential candidates that do not support an underlying state interest or impose severe burdens on free speech not tailored to advance a compelling governmental interest.  On August 22, 2024, Plaintiffs Team Kennedy, American Values 2024, and Jeffrey Rose filed a First Amended Complaint ("FAC"), alleging additional constitutional claims.

On September 4, 2024, a hearing was held before this Court regarding Plaintiffs' preliminary injunction motion, where Jed Rubenfeld, counsel for American Values 2024 and Jeffrey Rose, referenced the fact that the interests of multiple voters are coextensive of Mr. Rose's interest in the present action.  On September 9, 2024, pursuant to this Court's order, the parties timely submitted a Joint Status Report, where Plaintiffs indicated their intent to move for leave to amend the FAC to allege that Mr. Rose represents a class of similarly situated voters, including voters who support independent presidential candidates other than Mr. Kennedy.  Defendants indicated that they intend to oppose the motion, without providing any reasoning.

The proposed SAC includes class action allegations pursuant to Fed. R. C. P. 23(b)(2) on behalf of classes of voters who are similarly situated to Mr. Rose, including: (1) all New York voters who in 2024 signed a petition seeking to place any independent or non-recognized-party presidential candidate on the ballot; (2) all New York voters who are not registered in political parties whose nominees for President will be on the ballot in 2024; and/or (3) all New York voters "whose political preferences lie outside the existing political parties," *Anderson v. Celebrezze*, 60 U.S. 780. 794 (1983) ("Proposed Classes").

## ARGUMENT

### I. LEGAL STANDARD

Leave to amend should be "freely grant[ed] when justice so requires." Fed. R. Civ. P. 15(a)(2). This "permissive" approach is "consistent with [courts'] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (internal quotations omitted). As the Supreme Court has instructed, the mandate to "freely grant" amendment "is to be heeded" because, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Arguments concerning whether a plaintiff's allegations would support class certification "are properly considered … 'in the context of motions to certify the proposed classes,'" not on a motion seeking to leave amend. *Pena v. Big Mack Painting Corp.*, 2021 WL 9563329, at *2 (E.D.N.Y. Sept. 15, 2021) (internal quotations omitted)); *see Johnson v. Bryson*, 851 F. Supp. 2d 688, 712-13 (S.D.N.Y. 2012) ("when a defendant's opposition to a motion to amend involves not-yet-certified classes, it is appropriate to allow the amendment and address the defendant's arguments against certification in the context of motions to certify the proposed classes. (internal quotations omitted)").

The burden is on Defendants to establish that the proposed amendment is improper. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

## II. MR. ROSE FAIRLY AND ADEQUATELY REPRESENTS THE INTERESTS OF THE PROPOSED CLASSES

Class certification is governed by Fed. R. Civ. P. 23. To be certified, a putative class must first meet all four prerequisites set forth in Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010) (citation omitted). Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. *Id*. at 476 (citing Fed. R. Civ. P. 23(b)(2)).

The Proposed Classes satisfy each of the forgoing requirements.[1]

**Numerosity**: Although, with respect to each Class defined above, the precise number of Class Members is unknown, the proposed Class numbers over one hundred thousand and is therefore so numerous that joinder of all members would be impracticable. *See Sykes v. Mel Harris & Assocs., LLC*, 285 F.R.D. 279, 289 (S.D.N.Y. 2012) ("no dispute" that plaintiffs met numerosity requirement met where the putative class totaled "hundreds, if not thousands, of members").

**Commonality**: With respect to each Class defined above, the claims of every Member of the proposed Class are united by common, dispositive issues of law: whether New York's above-described ballot-access restrictions, including the Residence Requirement, are constitutional.

---

[1] Cases challenging ballot access restrictions frequently are brought as class actions, where plaintiffs act on behalf of a class of similarly situated voters. *See, e.g.*, *Yang v. Kellner*, 458 F. Supp. 3d 199 (S.D.N.Y. 2020).

3

**Typicality**: Mr. Rose is a Member of each putative Class defined above, and his claims are typical of the Classes: (a) because, like other Class Members, he signed a petition seeking to place on the ballot a presidential candidate who, due to New York's ballot-access restrictions, was denied access to the ballot; (b) because he is not registered in a political party whose presidential nominee will be on the ballot in 2024 and his preferred presidential candidate will not be on the ballot; (c) because his political preferences lie outside the existing political parties; and (d) because all Class Members' claims arise from the same course of conduct by the Defendants.

**Adequacy**: Rose and Plaintiff AV24 will fairly and adequately represent and protect the interests of each of the Classes defined above, because they are dedicated to vindicating the constitutional rights of all independent-minded voters to place on the ballot presidential candidates of their choice, regardless of who such candidates may be. Plaintiffs have retained counsel competent and experienced in both constitutional law and class action litigation.

**Fed. R. C. P. 23(b)(2)**: Certification of the Class is appropriate under Fed. R. C. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief and corresponding declaratory relief are appropriate respecting the class as a whole. The Class Members' interests in this case are indivisible and cohesive in that an injunction will redress the violation of every Class Member's First Amendment rights, apply to all Members identically, and vindicate the rights of all independent-minded voters to have candidates of their choice be placed on the ballot under reasonable, constitutional rules even-handedly applied.

**Ascertainability**: No precise ascertainability requirement applies to this Rule 23(b)(2) injunctive class action, *see*, *e.g.*, ascertainability., No. 17-CV-06251 (PMH), 2023 U.S. Dist. LEXIS 50722, at *31 (S.D.N.Y. Mar. 24, 2023), but in any event, Classes (A) and (B) above satisfy

any implied requirement of ascertainability that may apply because they are defined by objective criteria and membership therein can be ascertained by documentary evidence in the public record.

### III. DEFENDANTS WILL NOT SUFFER PREJUDICE

"In the absence of specific and compelling allegations of prejudice, such as some undue disadvantage in the presentation of a defense to the claims sought to be asserted, leave to amend should be granted." *Gibson v. Am. Broad. Companies Inc.*, 1986 WL 10290, at *2 (S.D.N.Y. Sept. 10, 1986) (internal quotations omitted).

Plaintiffs conferred with Defendants and informed them of Plaintiffs intention to seek leave to amend the FAC to include class allegations. The SAC is consistent with this representation. Defendants have not articulated any prejudice that would result from the proposed amendment. That is because there would be none.

Plaintiffs anticipate that adding the Proposed Classes would not "require the opponent to expend significant additional resources to conduct discovery and prepare for trial," *Block*, 988 F.2d at 350. Although the need for additional discovery does not constitute sufficient prejudice to justify denial of a motion to amend, *U.S. For & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989), Plaintiffs do not anticipate needing additional discovery. The Proposed Classes suffer from the same harm and request the same injunctive and declaratory relief as Mr. Rose based on the same constitutional claims, and thus no additional discovery is required to prove the claims.

Plaintiffs also do not anticipate that adding the Proposed Class would "significantly delay the resolution of the dispute," *Block*, 988 F.2d at 350. All of the claims asserted by Plaintiffs can be decided on purely legal grounds, and thus adding the Proposed Classes would more accurately reflect the magnitude and scope of Defendants' actions regarding ballot restrictions, but will not create additional burden for this Court in deciding these constitutional issues.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that their motion for leave to amend the FAC be granted.

Dated:

New York, NY
September 9, 2024

                                                      /s/   Gary L. Donoyan
                                                      Gary L. Donoyan, Esq.
                                                      Law Office of Gary L. Donoyan
                                                      565 Plandome Road #209
                                                      Manhasset, NY 11030
                                                      (516) 312-8782
                                                      gdonoyan@verizon.net
                                                      *Counsel for Team Kennedy*


                                                       /s/   Paul A. Rossi
                                                      Paul A. Rossi, Esq.
                                                      IMPG Advocates
                                                      316 Hill Street
                                                      Suite 1020
                                                      Mountville, PA 17554
                                                      (717) 961-8978
                                                      Paul-Rossi@comcast.net
                                                      *Counsel for Team Kennedy*


                                                       /s/   Jim Walden
                                                      Jim Walden, Esq.
                                                      Walden Macht Haran & Williams LLP
                                                      250 Vesey Street
                                                      New York, NY 10281
                                                      Tel: (212) 335-2030
                                                      jwalden@wmhwlaw.com
                                                      *Counsel for Team Kennedy*


                                                       /s/   Jed Rubenfeld
                                                      Jed Rubenfeld, Esq.
                                                      1031 Forest Rd.
                                                      New Haven CT 06515
                                                      203-432-7631
                                                      jed.rubenfeld@yale.edu
                                                      *Counsel for AV2024, Jeffrey Rose*